947 F.2d 953
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Mohammed Aghyad AJLANI, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 Nos. 91-9507, 91-9529.
 United States Court of Appeals, Tenth Circuit.
 Nov. 4, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cases are therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Mohammed Aghyad Ajlani appeals the Board of Immigration Appeals (Board) denial of two motions he made to reopen deportation proceedings. These denials are considered to be final orders of deportation. See Salehi v. District Director, INS, 796 F.2d 1286, 1290 (10th Cir.1986). This court has jurisdiction to review the orders pursuant to 8 U.S.C. § 1105a(a). See Yousif v. INS, 794 F.2d 236, 240 (6th Cir.1986) (citing Giova v. Rosenberg, 379 U.S. 18 (1964) (per curiam); Cheng Fan Kwok v. INS, 392 U.S. 206, 211 (1968) (explaining Giova )). A refusal by the Board to reopen deportation proceedings is reviewable under an abuse of discretion standard. INS v. Abudu, 485 U.S. 94, 104-05 (1988) (when refusal to reopen is because, inter alia, "the movant has not introduced previously unavailable, material evidence, 8 C.F.R. § 3.2 (1987)"); id. at 105 (when refusal to reopen is in a case where "the ultimate grant of relief is discretionary"); M.A. v. INS, 899 F.2d 304, 308 (4th Cir.1990) (en banc) (when refusal to reopen is because of failure to establish prima facie eligibility).
 
 
 3
 The immigration judge and the Board found that petitioner was deportable for two reasons: (1) because he entered the United States in June 1979 and remained beyond his authorized period of stay, in violation of 8 U.S.C. § 1251(a)(2) (currently 8 U.S.C. § 1251(a)(1)(B)); and (2) because he was convicted, within five years of entering the United States, of a crime of moral turpitude for which he was sentenced to a prison term of a year or more, in violation of 8 U.S.C. § 1251(a)(4) (currently 8 U.S.C. § 1251(a)(2)(A)(i)). On appeal this court affirmed the Board's decision dismissing petitioner's appeal of the immigration judge's order of deportation. Ajlani v. INS, No. 90-9548 (10th Cir. Feb. 13, 1991).
 
 
 4
 Petitioner's first motion to reopen was based on new regulations that went into effect October 1, 1990,[1] and was accompanied by documentary evidence in the form of reports from Amnesty International that discussed human rights violations in Syria. The Board's denial of the motion stated that in its previous decision dismissing the appeal the Board had agreed with the immigration judge's adverse credibility finding against petitioner and had concluded that he "had failed to establish a factual basis for asylum ... or for withholding of deportation." IR. 148. The Board concluded that petitioner "has not offered any new evidence with his motion which might warrant a different outcome on the question of his credibility. Consequently, no purpose would be served by granting his motion." Id.
 
 
 5
 The second motion to reopen was accompanied by additional reports from Amnesty International outlining human rights violations in Syria and newspaper articles referencing Muslim Brotherhood and Syria. Petitioner also submitted a letter from an alleged friend who claimed he was detained in the same prison in Syria as petitioner and had observed the markings of torture on petitioner's body after interrogation sessions. It was also accompanied by documents obtained by a Freedom of Information Act (FOIA) request that petitioner claims challenged the finding that the petitioner entered the United States in 1979 rather than only in 1976. The Board again denied reopening, with the Board finding that the letter was not of such probative value as to outweigh the previous credibility determinations made about petitioner. I Supp.R. 2. The Board stated that it was denying the second motion "for the same reason that we denied the previous motion. [Petitioner] has again failed to establish that further proceedings are warranted to afford him an opportunity to present additional evidence." Id. at 3. The INS also supports the Board's finding on the ground that the letter was not a sworn declaration and provided minimal information. Additionally with respect to the document obtained pursuant to the FOIA request, the INS argues that it merely showed petitioner's file was lost and does not contradict the evidence that the Board relied upon to establish petitioner's entry into the United States in 1979.
 
 
 6
 Motions to reopen are subject to the requirements of 8 C.F.R. §§ 3.2 and 3.8. These sections were not changed by the 1990 amendments; thus, they clearly applied to petitioner's motions to reopen. Section 3.2 provides, inter alia, that "[m]otions to reopen in deportation proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." Id. § 3.2. Section 3.8 provides, inter alia, that "[m]otions to reopen shall state the new facts to be proved at the reopened hearing and shall be supported by affidavits or other evidentiary material." Id. § 3.8.
 
 
 7
 We think it is clear that petitioner's first motion to reopen failed to meet the requirements of 8 C.F.R. §§ 3.2 and 3.8. The second motion to reopen, which included the alleged friend's letter in which he claimed to have observed the markings of torture on petitioner, presents a more difficult question. The Board noted that most of the evidence accompanying the second motion to reopen could have been presented at the original hearing. I Supp.R. 2. Moreover, relying on the immigration judge's observations of petitioner as well as its own review of the record, the Board found petitioner was not credible. Therefore, we think it is apparent that the Board found the alleged friend's letter, submitted by petitioner, not believable and thus not material.
 
 
 8
 We have examined the record and hold that the Board did not abuse its discretion by denying petitioner's motions to reopen the case.
 
 
 9
 We grant pending motions to supplement the record. We deny petitioner's motion for a reduction in his bond.
 
 
 10
 AFFIRMED.
 
 
 11
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The new regulations "apply to all applications for asylum or withholding of deportation that are filed on or after October 1, 1990." 8 C.F.R. § 208.1(a). However, petitioner's application, IR. 545-50, appears to have been filed on April 17, 1990, and clearly was denied by the immigration judge on April 17, 1990. See IR. 379-96. Thus, the new regulations do not apply to petitioner's application, even though both of his motions to reopen were filed after October 1, 1990. The new regulations specifically provide that pre-October 1, 1990 applications may not be reopened under the new regulations "except by motion granted in the exercise of discretion ... for proper cause shown. Motions to reopen ... must meet the requirements of 8 CFR 3.2, 3.8, 3.22, 103.5, and 242.22 where applicable." 8 C.F.R. § 208.1(a)